## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

WARREN PASCHAL, JR,                    :
                                       :
            Plaintiff,                 :
                                       :
    VS.                                :        NO. 4:22-CV-00019-CDL-MSH
                                       :
Doctor PETTY, *et al.*,                :
                                       :
            Defendants.                :
_____       :

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Warren Paschal, Jr., an inmate most recently confined in the Muscogee County Jail in Columbus, Georgia, has filed a document that has been construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). In accordance with the Court's previous orders and instructions, Plaintiff has recast this Complaint on the Court's standard form (ECF No. 4), filed a motion for leave to proceed *in forma pauperis* (ECF No. 5), and supplemented his motion for leave to proceed *in forma pauperis* with information about his prison trust fund account balance (ECF No. 7). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because it appears Plaintiff is unable to pay the

cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee, at least based on the funds immediately available to him in his prison trust fund account.  Mot. Proceed IFP 7, ECF No. 7 (indicating that Plaintiff has a zero balance in his account).  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.     Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the Coastal State Prison.   It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty

percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW

### I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every

complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"

4

*Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations

The claims in Plaintiff's Recast Complaint arise from allegedly improper medical treatment he received at the Muscogee County Jail. Recast Compl. 5, ECF No. 4.[1] Plaintiff contends that "18 months ago," he "had a hernia" at the jail. *Id.* Plaintiff alleges that Defendant Petty, the jail's doctor, "violated [Plaintiff's] rights by not sending [him] to get hernia surgery." *Id.* Plaintiff seeks compensatory damages as a result of this alleged violation of his constitutional rights. *Id.* at 6.

## III.    Plaintiff's Claims

Plaintiff's Recast Complaint, as pleaded, fails to state a constitutional claim.

---

[1] An amended complaint generally supersedes the original complaint unless the amended complaint specifically refers to or adopts the original complaint. *See, e.g., Schreane v. Middlebrooks*ˏ 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam)

Plaintiff's allegations could give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment to the United States Constitution.[2]  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.*  A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.*  In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).

Plaintiff has failed to meet his burden of showing that he suffered from an objectively serious medical need.  In the Eleventh Circuit, "a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognized the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).  In both cases, the medical need must pose a substantial risk of serious harm if left unattended. *Id*. Plaintiff has simply stated that he had a hernia, and it appears that Defendant Petty—a physician—determined that the hernia did not require surgical treatment. *See* Recast Compl. 5, ECF No. 4.  Plaintiff never alleges that his hernia could not be treated without

---

[2]The standard for deliberate indifference in the context of a medical claim is the same whether the inmate is a pretrial detainee or convicted prisoner even though such claims would arise under the Eighth Amendment for a convicted prisoner. *Dang v. Sheriff*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017); *see also Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. June 5, 2020).

surgery, that he was experiencing any symptoms from the hernia that required medical treatment, or that his hernia or symptoms ever worsened.  Absent such facts that could show the nature or severity of Plaintiffs condition, his conclusory allegations do not rise to the level of a serious medical need.  *See, e.g., Jackson v. Jackson*, 456 F. App'x 813, 815 (11th Cir. 2012) (per curiam) (holding that delay in providing hernia surgery did not violate the Eighth Amendment where doctor determined that "the hernia remained treatable without surgery and posed no risk to [plaintiff's] health").  Plaintiff has therefore failed to show that he has a serious medical need for purposes of his pending § 1983 claims, and any such claims should be dismissed without prejudice.

### IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**, but the undersigned finds that Plaintiff's Recast Complaint, as pleaded, fails to state a claim upon which relief may be granted.  It is therefore **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See*

M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 29th day of March, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE