## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 4:22-CV-00019-CDL-MSH |
| | : | |
| Doctor PETTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Warren Paschal, Jr. has timely filed Objections to the March 29, 2022 Order and Recommendation in which the undersigned recommended dismissing Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915A and § 1915(e). Plaintiff's objections will be liberally construed as a motion to amend his Complaint and granted. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam). The undersigned thus **WITHDRAWS** the March 29, 2022 Order and Recommendation (ECF No. 8) and has conducted a new preliminary screening of Plaintiff's Recast Complaint, "as amplified by the new factual allegations in [Plaintiff's] objections to the recommendation[.]" *Id.* For the following reasons, Plaintiff's medical treatment claims against Defendant Petty shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Countryman be **DISMISSED without prejudice.**

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Because it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.  28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee, at least based on the funds immediately available to him in his prison trust fund account.  Mot. Proceed IFP 7, ECF No. 7 (indicating that Plaintiff has a zero balance in his account).  Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

### I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The clerk of court is **DIRECTED** to send a copy of this Order to the Coastal State

Prison.  It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.  28 U.S.C. § 1915(b)(2).  In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW**

**I.     Standard of Review**

The PLRA obligates the district courts to conduct a preliminary screening of every

complaint filed by a prisoner who seeks redress from a government entity, official, or

employee.  *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. §

1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the

standard of review is the same.  When conducting preliminary screening, the Court must

accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107,

1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S.

34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings,

like the one in this case, are "'held to a less stringent standard than pleadings drafted by

attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation

omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief."   28 U.S.C.

§1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller

v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may

dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims

whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails

to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

4

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted)*.*  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations

The claims in Plaintiff's Recast Complaint arise from allegedly improper medical treatment he received at the Muscogee County Jail.  Recast Compl. 5, ECF No. 4.  Plaintiff contends that "18 months ago," he "had a hernia" at the jail.  *Id.*  Plaintiff alleges that Defendant Petty, the jail's doctor, "violated [Plaintiff's] rights by not sending [him] to get hernia surgery."  *Id.*  In addition, Plaintiff states that he experienced significant pain from this hernia and that he "went on emergency sick call 5 times in 60 days" due to this pain.  Objs. 2, ECF No. 9.  Plaintiff thus contends that Defendants violated his

constitutional rights, and he seeks compensatory damages as a result.  Recast Compl. 6, ECF No. 4.

### III.    Plaintiff's Claims

Plaintiff's allegations give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment.[1]  *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry."  *Id.*  A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need."  *Id.*  In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam).  In the Eleventh Circuit, "a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognized the necessity for a doctor's attention."  *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted).

Plaintiff has alleged that Defendant Petty failed to treat him for a hernia that was causing pain significant enough to require Plaintiff to seek emergency treatment five times over the course of sixty days.  Objs. 2, ECF No. 9.  A prison official's failure to

---

[1] The standard for deliberate indifference in the context of a medical claim is the same whether the inmate is a pretrial detainee or convicted prisoner even though such claims would arise under the Eighth Amendment for a convicted prisoner.  *Dang v. Sheriff*, 871 F.3d 1272, 1279 n.2 (11th Cir. 2017); *see also Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. June 5, 2020).

treat an inmate's severe pain can constitute deliberate indifference to a serious medical need. *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999) (failure to treat severe pain could be considered deliberate indifference to a serious medical need); *Melton v. Abston*, 841 F.3d 1207, 1222 (11th Cir. 2016) ("Under our case law, a reasonable jury could find that [prisoner's] severe pain and suffering constituted a serious medical need."). "But a plaintiff's statement that he experienced some pain or discomfort is not enough; the prisoner's pain must be objectively so severe that the failure to treat it deprives him 'of the minimal civilized measure of life's necessities.'" *Brennan v. Thomas*, 780 F. App'x 813, 820 (11th Cir. 2019) (per curiam) (quoting *Farmer*, 511 U.S. at 834). When it is construed liberally, Plaintiff's allegation that his pain caused him to repeatedly seek emergency treatment is sufficient to meet this standard. As such, Plaintiff's claims that Defendant Petty was deliberately indifferent to his serious medical needs shall proceed for further factual development.

Plaintiff also names Defendant Countryman, the Muscogee County Sheriff, as a Defendant in this lawsuit. The basis for Plaintiff's claims against Defendant Countryman is unclear from Plaintiff's allegations. Plaintiff, however, could be attempting to sue Defendant Countryman in his capacity as Defendant Petty's supervisor. It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the

alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

Plaintiff does not allege that Defendant Countryman personally participated in any medical decision-making in this case or knew that Defendant Petty was not providing Plaintiff with appropriate care. *See, e.g., Kuhne v. Fla. Dep't Corr.*, 618 F. App'x 498, 507 (11th Cir. 2015) (per curiam) (holding that "when a layperson is accused of deliberate indifference, the plaintiff must present[] evidence that her situation was so obviously dire that two lay [officers] must have known that a medical professional had grossly misjudged [the plaintiff's] condition" (internal quotation marks omitted) (alterations in original)). Nor has Plaintiff alleged any facts indicating that there is a history of widespread abuse at the jail; that Defendant Countryman had an improper custom or policy regarding medical care; or that Defendant Countryman directed Defendant Petty to act unlawfully or knew he would do so and failed to stop him. As such, Plaintiff has failed to state an actionable claim against Defendant Countryman, and any deliberate indifference claims against Defendant Countryman should be dismissed without prejudice.

### IV.    Conclusion

For the foregoing reasons, the undersigned **WITHDRAWS** the March 29, 2022 Order and Recommendation (ECF No. 8) and finds that Plaintiff's medical treatment claims against Defendant Petty shall proceed for further factual development.  It is **RECOMMENDED**, however, that Plaintiff's claims against Defendant Countryman be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Petty, it is accordingly **ORDERED** that service be made on Defendant and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses

for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a

11

trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 2d day of May, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE