IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WARREN PASCHAL, JR, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 4:22-CV-00019-CDL-MSH |
| | : | |
| Doctor PETTY, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 36), challenging the Court's September 19, 2022 Order and Judgment granting Defendant Petty's motion to dismiss (ECF Nos. 28, 29). Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff's appeal in this case is not taken in good faith because he does not seek review of a non-frivolous issue. As best as the Court can tell, Plaintiff's issue on appeal is that the Court failed to consider his allegation that he sought emergency treatment for pain five times in 60 days, thereby establishing that Defendant Petty was deliberately indifferent to Plaintiff's serious medical needs. Mot. Proceed IFP 2, ECF No. 36. But Plaintiff's complaint was dismissed because he (1) had three "strikes" under 28 U.S.C. § 1915(g); (2) failed to fully disclose his litigation history; and (3) failed to exhaust his administrative remedies.[2] The Court did not reach the merits of Plaintiff's underlying deliberate

---

[2] The Report and Recommendation recommended dismissal for these three reasons. Plaintiff was given fourteen days to object and failed to do so. The Court, therefore, adopted the Report and Recommendation and granted Defendants' motion to dismiss. Plaintiff was advised in the Report and Recommendation that "pursuant to Eleventh Circuit Rule 3-1, '[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

indifference to serious medical needs claim.  In its review of the pending motion, the Court *sua sponte* reviewed its three-strikes calculation and concludes that it likely erred in that calculation.  Nevertheless, even if Plaintiff's allegations could establish that the three-strikes bar did not apply to him (an argument that he has not made in this motion or through objection to the Magistrate Judge's report and recommendation), he cannot overcome the failure to disclose his litigation history and failure to exhaust administrative remedies, both of which are adequate and independent reasons for granting Defendant's motion to dismiss.  The appeal therefore has no chance of success, and it is accordingly frivolous and not taken in good faith.  *Carroll*, 984 F.2d at 393.  Plaintiff's motion for leave to appeal *in forma pauperis* (ECF No. 15) is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b).  Pursuant to section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

---

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.'"  Report & Recommendation 14, Aug. 23, 2022, ECF No. 27.

**SO ORDERED**, this **15th** day of **November, 2022**.

> S/ Clay D. Land
> CLAY D. LAND
> U.S. DISTRICT COURT JUDGE
> MIDDLE DISTRICT OF GEORGIA